IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHARDA SHAQUAY TYUS, )
)
    Plaintiff, )
)
-vs- ) Civil Action No. 17-43
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income pursuant to the Social Security Act. Plaintiff filed her application in November of 2010, alleging she had been disabled since January 20, 2005. (ECF No. 7-5, p. 2). Administrative Law Judge ("ALJ"), William E. Kenworthy, held a hearing on August 14, 2014 and on April 9, 2015. (ECF No. 7-2, pp. 48-63). Plaintiff was unrepresented at the August 14, 2014 hearing and given an opportunity to obtain

---

[1]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

counsel. *Id.* Plaintiff appeared at the April 9, 2015 hearing without counsel again and the ALJ proceeded with the hearing. *Id.* On April 13, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 36-43).

On July 23, 2015, Plaintiff filed a request for review of the ALJ's decision with the Appeals Council. (ECF No. 7-2, p. 31). On July 22, 2015, Plaintiff accepted the appointment of counsel. (ECF No. 7-2, p. 30). On September 12, 2015, the Appeals Council granted Plaintiff an extension of time to file additional evidence, specifically indicating that "[a]ny more evidence must be new *and* material to the issue considered in the hearing decision dated April 13, 2015." (ECF No. 7-2, p. 22)(emphasis in original). On October 2, 2015, Plaintiff filed medical evidence from a licensed clinical psychologist, Lindsey Groves, Psy.D., dated September 29, 2015. (ECF No. 7-2, pp. 8-21). In denying Plaintiff's request for review on December 7, 2015, the Appeals Council stated, *inter alia,* "[w]e also looked at the fifteen page Cognitive Evaluation, Physician's Report and Mental Impairment Questionnaire from Lindsey Groves, Psy.D, dated September 29, 2015. The Administrative Law Judge decided your case through April 13, 2015. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before April 13, 2015." (ECF No. 7-2, p. 3).

Thereafter, filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 12). The issues are now ripe for review.

## II. <u>LEGAL ANALYSIS</u>

### A. <u>Standard of Review</u>

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d

900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical

3

evidence that he is unable to return to his previous employment (steps 1-4).  *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Post Decision Evidence

Plaintiff appears to argue, although not directly, that remand is warranted pursuant to Sentence Six of 42 U.S.C. §405(g) so that the decision can be reconsidered along with evidence first submitted to the Appeals Council.  (ECF No. 10, p. 8).  If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ.  *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied to justify remand.  *Id., citing Szubak,* 745 F.2d at 833.

In *Szubak v. Secretary of Health and Human Services,* the Third Circuit explained the following:

> As amended in 1980, §405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record.  Second, the evidence must be "material;" it must be relevant and probative. Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. *An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.* Finally the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

4

745 F.2d 831, 833 (3d Cir. 1984) (citations omitted)(emphasis added).

In this case, Plaintiff submitted to the Appeals Council, for the first time, a cognitive evaluation, physician's report and mental impairment questionnaire dated September 29, 2015. (ECF No. 10, p. 7). As set forth above, "[a]n implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied…." *Szubak, supra, citing Ward v. Schweiker,* 686 F.2d 762, 765 (9th Cir. 1982). Simply because a document is about a plaintiff's physical/mental condition does not mean it relates to the time period for which benefits were denied. In this case, the evidence submitted to the Appeals Council was dated September 29, 2015 and ALJ's opinion was dated April 13, 2015. (ECF No. 7-2, pp. 36-43; No. 7-2, pp. 8-21). Plaintiff does not dispute that. (ECF No. 10). The ALJ's decision was dated February 21, 2014. (ECF No. 7-2, p. 43). Therefore, the newly submitted evidence post-dates the ALJ's decision by over five months. It does not relate back to the period before the ALJ's decision. Based on the same, I find that the evidence does not relate to the time period for which benefits were denied.

Plaintiff does not discuss the three requirements for remand based on Sentence Six, but seems to suggest because she was *pro se* at the time of the hearing that somehow that gives her good cause to submit the post decision evidence. (ECF No. 10, p. 8). To be clear, it is irrelevant whether Plaintiff has good cause because he has failed to meet the material requirement. All three requirements must be satisfied to justify remand. Therefore, I find that the new evidence submitted for the first time to the Appeals Council does not provide a basis for remand.

**C.     Duty to Develop**

Additionally, Plaintiff seems to suggest that the ALJ erred in failing to sufficiently develop the record, although it is unclear what information Plaintiff believes that ALJ should have obtained. (ECF No. 10, p. 8). An ALJ has the duty to fully develop the record to make a determination of disability. *Ventura v. Shalala,* 55 F.3d 900, 902 (3d Cir. 1995). This duty is heightened when a

plaintiff is *pro se*. *Dobrowolsky v. Califano,* 606 F.2d 403, 407 (3d Cir. 1979). In this case, the ALJ ordered two consultative examinations and Plaintiff failed to appear for the same. (ECF No. 7-2, p. 41). An ALJ may find a claimant disabled if a claimant does "take part in a consultative examination or test which" the ALJ arranges for the claimant. 20 C.F.R. §416.918(a). After a review of the record, I find that the ALJ made sufficient and appropriate attempts to fully developed the record. Thus, I find no error in this regard.

**D.  Step 3**

In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000).

**1.  Listings 11.02, 11.03, 11.04, 11.18 and 12.02**

Plaintiff argues that the ALJ erred in failing to consider whether Plaintiff's vasovagal syncope meets or medically equals Listing 11.02, 11.03, 11.04, 11.18 and 12.02. (ECF No. 10, p. 8). At the time of the hearing, Plaintiff was *pro se* and did not raise or identify any Listings. To be clear, it is not the burden of the Plaintiff to identify the applicable listings to consider, but rather the burden of the ALJ. *Burnett v. Commissioner of Soc. Sec.,* 220 F.3d, 112, 120, n.2 (3d Cir. 2000). "Putting the responsibility on the ALJ to identify the relevant listed impairment(s) is consistent with the nature of Social Security disability proceeding…. Such reasoning is further supported by the fact 'that a large portion of Social Security [disability benefits] claimants either have no representation at all or are represented by non-attorneys.'" *Id.* (internal citations omitted). While an ALJ need not specifically identify or analyze the most relevant medical listing,

6

the ALJ must clearly evaluate the available medical evidence of record and setting forth the evaluation in an opinion. *Jones v. Barnhart,* 364 F.3d 501 (3d Cir. 2004). With that said, however, Plaintiff (who is now represented by counsel) provides little in support for her argument that Listings 11.02, 11.03, 11.04, 11.18 and 12.02 are implicated and that the ALJ should have considered them. *See,* ECF No. 10, p. 8. She does not set forth the elements necessary to meet said Listings nor does she suggest how she meets any of the elements required by said Listings. *Id.* Without more, I find this argument to be wholly underdeveloped and completely inadequate. Therefore, I find no merit to this argument and remand is not warranted on this basis.

    **2.**    **Listings 12.05C**

Plaintiff also argues that the ALJ erred in failing to consider whether Plaintiff's vasovagal syncope meets or medically equals Listing 12.05C because she had a verbal comprehension score of 70. (ECF No. 10, p. 9). Listing 12.05 – Intellectual Disability provides, in relevant part:

> Intellectual disability refers to significantly subaverage general intellectual function with deficits in adaptive functioning initially manifested during developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function;

20 C.F.R. pt. 404, subpt. P., app. 1 §12.05(C). Plaintiff does not cite to the record where it is noted that she achieved a verbal score of 70. (ECF No. 10, p. 9). After a review of the record, I find that it comes from the newly submitted evidence produced for the first time to the Appeals Council. (ECF No. 7-2, pp. 9-10). Thus, this evidence was not before the ALJ for consideration and, therefore, cannot serve as a basis for remand as set forth above.

7

### E.     Residual Functional Capacity (RFC)[2] and Vocational Experts ("VE")

Plaintiff concludes with one three-sentence paragraph indicating that the ALJ's RFC was not based on substantial evidence because he should have given more consideration to Plaintiff's vasovagal syncope episodes, her decreased cognitive impairments and "because the ALJ did not submit all of the Plaintiff's functional limitations to the vocational expert for her consideration." (ECF No. 10, p. 9).   Contrary to Plaintiff's conclusion otherwise, a review of the record reveals that the ALJ appropriately considered all of Plaintiff's impairments based on the evidence before him.     (ECF No. 7-2, pp. 36-43).     In so doing, the ALJ found Plaintiff could perform light work except that she is limited to "tasks of a simple, repetitive nature that would not require dealing with the general public, working around hazardous operations or unprotected heights."   (ECF No. 7-2, p. 40).

Thereafter, the ALJ submitted questions to the VE.    An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments.   *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987).   Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments.   (ECF No. 7-2, pp. 36-43). Therefore, I find no error in this regard.    Consequently, remand is not warranted.

An appropriate order shall follow.

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor.   20 C.F.R. §' 404.1527, 416.927; 20 C.F.R. §§404.1546(c), 416.946(c).   Here, the ALJ found the Plaintiff has an RFC to perform light work with certain limitations.   (ECF No. 7-2, p. 40).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHARDA SHAQUAY TYUS, )
)
        Plaintiff, )
)
-vs- ) Civil Action No. 17-43
)
NANCY A. BERRYHILL,[3] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 13th day of February, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

                                        BY THE COURT:

                                        s/ Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.